UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

    Plaintiff

v.                                       Civil Action No. 2:07-0329

**DAILY GAZETTE COMPANY and
MEDIANEWS GROUP, INC.**

    Defendants


<u>MEMORANDUM OPINION AND ORDER</u>

    Pending is the motion of the United States to allow the parties to take additional depositions, filed September 15, 2008.

    The United States moves that each side be permitted to take a total of 25 depositions. Federal Rule of Civil Procedure 30(a)(2)(A) provides as follows:

> (2) With Leave. A party must obtain leave of court, and the court <u>must grant leave to the extent consistent with Rule 26(b)(2)</u>:
>
> > (A) if the parties have not stipulated to the deposition and:
> >
> > > (i) the deposition would result in more than 10 depositions being taken under this rule . . . .;

Fed. R. Civ. P. 31(a)(2)(A)(i) (emphasis supplied). Local Rule 26.1(c) states as follows:

> After the opportunities for discovery pursuant to the Federal Rules of Civil Procedure, stipulation of the parties, or order have been exhausted, any requests that the parties may make for additional depositions, interrogatories, or requests for admissions shall be by discovery motion.

Loc. R. 26.1(c).  The discretion accorded by the foregoing rules is guided by the considerations found in Federal Rule of Civil Procedure 26(b)(2), which would permit additional depositions as long as:

> (i) the discovery sought is [not] unreasonably cumulative or duplicative, or can[not] be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has [not] had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery [does not] outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

The United States sets forth in detail its need to depose defendants' executives and former employees, advertisers, subscribers, lenders, consultants, and media executives among others.  It identifies, in part, the following justifications for its position:

> [I]n their Answers, the Defendants have denied a number

2

> of key factual allegations in the Complaint that will require the United States to obtain extensive evidence through deposition testimony. Among these issues are (1) whether the Gazette Company had a "plan" to use its control over Charleston Newspapers "to weaken the Daily Mail to the point where it would fail and could be eliminated as a competitor to the Charleston Gazette," (Compl. ¶ 4); (2) whether "the news and editorial assets and resources of the Charleston Daily Mail are under the ownership and control of Gazette Company," (Id. at ¶ 12); (3) whether the Defendants had "a variety of long and short-term economic incentives to compete to attract readers to their respective newspapers," (Id. at ¶ 15); (4) whether the two newspapers "remained consistently profitable through 2004" and neither one "was in danger of failing in the near future," (Id. at ¶ 17); (5) whether any of the actions taken by Daily Gazette Company after May 7, 2004 were intended to "implement its plan to shut down the Charleston Daily Mail by 2007," (Id. at ¶ 22); (6) whether readers and advertisers view any other media as "adequate substitutes" for the two Charleston daily newspapers, (Id. at ¶¶ 24-25); (7) whether the May 7 transactions are likely to lead to "reduced output" or "increased prices to readers and advertisers," (Id. at ¶ 31); and (8) whether entry into the Charleston market by another newspaper is "not likely to prevent the anticompetitive effects of the May 7 transactions," (Id. at ¶ 32). All of these fact-intensive questions are important to the United States' case.

(Pl.'s Mem. in Supp. at 3-4). The United States notes as well that both sides have disclosed more than 25 individuals who are likely to possess discoverable information.

Defendants counter the United States' motion with several weighty observations such as (1) the United States' ability to conduct extensive pre-complaint discovery through the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 et seq., (2) the

numerous stipulations of fact previously entered into between the parties, (3) the asserted imprecision of the United States' attempted showing to support the additional depositions, and (4) the increased expense and burden occasioned upon the defendants by the United States' request.  (See, e.g., Defs.' Resp. at 9 ("In the current economic environment, an increase from 10 depositions per side to 25 depositions per side will substantially increase the financial burden on defendants.")).

The court notes that its June 19, 2008, memorandum opinion and order observed that "[t]he importance of a fully developed record is . . . particularly significant here in view of the distinctive media combination involved."  United States v. Daily Gazette Co., No. 2:07-0329, slip op. at 16 (S.D. W. Va. Jun. 19, 2008).  Further, defendants have previously conceded that the complaint and associated legal issues "raise[] complicated factual issues that . . . require substantial discovery."  (Defs.' Mot. for Stay at 3).

Having considered these observations, along with the parties' present arguments, there exists an overriding need for a complete evidentiary record to facilitate further pretrial proceedings and final judgment.  The court, accordingly, ORDERS that the United States' motion be, and it hereby is, granted.  It

4

is further ORDERED that each side be, and they hereby are, permitted 15 additional depositions of fact witnesses.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: October 15, 2008

/s/ John T. Copenhaver
John T. Copenhaver, Jr.
United States District Judge

5